**FILED**
**FEBRUARY 20, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO AGUILERA, JR., on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | **08 C 1036** |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | **JUDGE MANNING** <br> **MAGISTRATE JUDGE SCHENKIER** |
| DUNN-RITE OF AMERICA BUILDING MAINTENANCE, INC. and JOHN POSPISIL, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Eduardo Aguilera, Jr., on behalf of himself and all other similarly situated persons, known and unknown, through his attorneys, for his Complaint against Defendants Dunn-Rite of America Building Maintenance, Inc. and John Pospisil ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime pay for time worked in excess of forty (40) hours in individual work weeks. A copy of Plaintiff's consent form to act as representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

2. Defendants employed plaintiff as a laborer.

3. Until his termination from employment, Plaintiff often worked for Defendants seven days per week, in excess of forty (40) hours per week. Although Plaintiff and other

employees worked for Defendants in excess of forty (40) hours per week, Defendants failed and refused to pay them overtime. Instead, Defendants paid Plaintiff and other employees their straight-time regular rate of pay for all time worked including time worked in excess of forty (40) hours in individual work weeks.

4. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and those similarly situated their earned and living wages. All hourly employees of Defendants are subjected to the foregoing unlawful compensation practices.

### THE PARTIES

5. Plaintiff is a former employee of Defendants. Plaintiff resides in and is domiciled in Joliet, Illinois, within this judicial district.

6. At all material times hereto, Plaintiff was an "employee" of Defendants as that term is defined by the IMWL, IWPCA, and FLSA, and during the course of his employment, was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4, or the FLSA, 29 U.S.C. §207.

7. During the course of his employment, Plaintiff was engaged in interstate commerce in the performance of his job duties for Defendants.

8. Defendant Dunn-Rite of America Building Maintenance, Inc. is an Illinois corporation and is an "enterprise" as defined in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. Defendant's principal place of business is within this judicial district.

9. Defendant John Pospisil is involved in the day-to-day business operation of Defendant Dunn-Rite of America Building Maintenance, Inc. Among other things, Pospisil has

the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

10. Defendants are "employers" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## JURISDICITON AND VENUE

11. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

12. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, in failing to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

13. Plaintiff was directed to work, and did work, in excess of forty (40) hours per week.

14. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

15. Defendants did not compensate Plaintiff at a rate of one and one-half his regular rate of pay for hours worked in excess of forty (40) hours in individual work weeks.

16. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

17. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

18. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

19. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4(a). Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

20.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff is entitled to be compensated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

21.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half his regular rate of pay for time worked in excess of forty (40) hours per week.

22.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for all times Plaintiff was employed by Defendant in the three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  reasonable attorneys' fees and costs incurred in filing this action; and

D.  such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 19, 2008

s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC #6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorney for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Dunn-Rite of America, Inc., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: *Eduardo Aguilera Jr* (print your name)

Signature: *Eduardo Aguilera Jr*

Date on which I signed this Notice: 2-11-08
(today's date)